1  SHAREEF S. FARAG, Bar No. 251650
   DIAMOND M. HICKS, Bar No. 287300
2  **BAKER & HOSTETLER LLP**
   11601 Wilshire Boulevard, Suite 1400
3  Los Angeles, CA  90025-0509
   Telephone:  310.820.8800
4  Facsimile:   310.820.8859
   Email:       sfarag@bakerlaw.com
5               dhicks@bakerlaw.com

6  Attorneys for Defendants HUYSSEN,
   INCORPORATED and L.A. LEASING, INC.
7

8          **IN THE UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10 WILLIAM PELLEGRINI, individually          Case No.:  **'17CV135  CAB JMA**
   and on behalf of others similarly
11 situated,                                  **NOTICE OF REMOVAL OF
                                              ACTION TO FEDERAL COURT**
12              Plaintiff,
                                              [Filed concurrently with Civil Cover
13      v.                                    Sheet; and Notice of Party with
                                              Financial Interest]
14 HUYSSEN, INCORPORATED, a
   California corporation, dba SEDONA
15 STAFFING; TEMPRO, INC., a                  Action Filed:    July 1, 2016
   Delaware corporation; L.A. LEASING,        FAC Filed:       August 10, 2016
16 INC., an Illinois corporation; and DOES    SAC Filed:       January 13, 2017
   3 through 100, inclusive,
17
18              Defendants.
19
20
21
22
23
24
25
26
27
28

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Huyssen, Incorporated ("Huyssen") and L.A. Leasing, Inc. ("L.A. Leasing") (together, "Defendants"), remove the action filed by William Pellegrini ("Plaintiff") in the Superior Court of the State of California, in and for the County of San Diego, and captioned Case No. 37-2016-00022436-CU-OE-CTL, to the United States District Court for the Southern District of California.

## JURISDICTION AND VENUE

1.     This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331, and removal is proper under 28 U.S.C. §§ 1441 and 1446, in that it is a civil action that raises issues which directly implicate questions of federal law under Section 301 of the Fair Labor Standards Act, 29 U.S.C. Section 201, *et seq.* (the "FLSA").

2.     This is also a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. § 1441 in that it is a civil action over which this Court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. Section 1332(d).

3.     This Court is in the judicial district and division embracing the place where the state court case was brought and is pending.  Thus, this Court is the proper district court to which this case should be removed.  28 U.S.C. §§ 1441(a) and 1446(a).

## THE ACTION & TIMELINESS OF REMOVAL
## PROCEDURAL BACKGROUND

4.     On July 1, 2016, Plaintiff, purportedly on behalf of himself, and all others similarly situated, filed a Complaint against Huyssen in the Superior Court of the State of California, in and for the County of San Diego, Case No. 37-2016-00022436-CU-OE-CTL (the "State Court Action"), alleging causes of action under

1

Baker & Hostetler LLP
ATTORNEYS AT LAW
LOS ANGELES

California law.  A true and correct copy of Plaintiff's original Complaint is attached hereto as **Exhibit "A".**

5.     On August 10, 2016, Plaintiff filed a First Amended Complaint ("FAC") against Huyssen in the State Court Action, alleging causes of action under California law.  Plaintiff served Huyssen a copy of the Summons and FAC on August 10, 2016.  A true and correct copy of Plaintiff's First Amended Complaint is attached hereto as **Exhibit "B".**

6.     On September 14, 2016, Huyssen filed and served its Answer to Plaintiff's First Amended Complaint.  A true and correct copy of Huyssen's Answer to Plaintiff's First Amended Complaint is attached hereto as **Exhibit "C".**

7.     On November 14, 2016, Plaintiff amended the FAC to name Tempro Services, Inc. ("Tempro") and L.A. Leasing as defendants under California Code of Civil Procedure section 473.  True and correct copies of the amendments filed by Plaintiff are attached collectively hereto as **Exhibit "D".**  L.A. Leasing was served with a copy of the FAC effective December 27, 2017.  *See* ¶ 10 and **Exhibit G**, *infra.*

8.     On December 20, 2016, Plaintiff served Tempro with a copy of the Summons and FAC.  On information and belief, the Superior Court in the State Court Action and this Court lack personal jurisdiction over Tempro.  Removal joinder is not required by Tempro.  28 U.S.C.§ 1453(b) ("A class action may be removed to a district court of the United States in accordance with section 1446 … except that such action may be removed by any defendant without the consent of all defendants.").  *See also Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) ("assuming [without so holding that] objecting to sufficiency of process may be equated to a lack of service")[1].  True and correct copies of the First

---

[1] Tempro, also a diverse defendant for CAFA purposes, consents to the removal without prejudice to its rights to move to dismiss on grounds that include lack of personal jurisdiction.  Further, nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any Defendants' right to assert any

9.     Also on December 20, 2016, Plaintiff served Huyssen with his Motion for Leave to File Second Amended Complaint.  True and correct copies of the Plaintiff's Motion for Leave to File Second Amended Complaint and supporting documents are attached collectively hereto as **Exhibit "F".**

10.     Plaintiff served L.A. Leasing a copy of the Summons and FAC on December 27, 2016 by notice and acknowledgment of receipt under California Code of Civil Procedure section 415.30.  A true and correct copy of L.A. Leasing's executed Notice and Acknowledgment of Receipt of the FAC is attached hereto as **Exhibit "G".**

11.     Huyssen filed its Opposition to Plaintiff's Motion for Leave to Amend First Amended Complaint on December 30, 2016.  True and correct copies of the Huyssen's Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint and supporting documents are attached collectively hereto as **Exhibit "H"**

12.     Plaintiff filed his Reply in Support of Motion for Leave to File to Amend First Amended Complaint on January 6, 2017.  True and correct copies of the Plaintiff's Reply  in Support of Motion for Leave to File to Amend First Amended Complaint and supporting documents are attached collectively hereto as **Exhibit "I"**

13.     The Superior Court deemed Plaintiff's Second Amended Complaint ("SAC") filed on January 13, 2017, adding a cause of action under FLSA.  The Superior Court deemed Huyssen served with the SAC on January 13, 2017.  The Court's order granting Plaintiff's Motion for Leave to Amend First Amended Complaint also stated that Huyssen was permitted to allow its Answer to the First

defense or affirmative matter, including without limitation any defense available under Rules 8, 12 or 23 of the Federal Rules of Civil Procedure.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Amended Complaint to stand as its Answer to the Second Amended Complaint if it elected to do so. Because Huyssen intends to file a motion to dismiss the SAC, Huyssen does not stand on its Answer to the FAC. A true and correct copy of the Court's Order granting Plaintiff's Motion for Leave to Amend First Amended Complaint is attached hereto as **Exhibit J.** A true and correct copy of Plaintiff's Second Amended Complaint is attached hereto as **Exhibit K.**

14. Other pleadings filed and served in the state court action are attached collectively hereto as **Exhibit L.**

15. As of this filing, L.A. Leasing has not been served formally with the operative SAC. Tempro was served with the SAC on January 23, 2017.

16. In the SAC, Plaintiff seeks to represent a putative class of "[a]ll persons in California who worked for Defendants as staffers during the period commencing four years prior to the filing of the Complaint and ending on the date as the Court shall determine." [SAC ¶ 13.]

17. Pursuant to 28 U.S.C. § 1446(b), this removal is timely because Defendants filed this removal within 30 days of formal service of a copy of the summons and SAC from which it first became ascertainable that the case became removable. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).

18. Exhibits A-L collectively represent all process, pleadings, and orders served upon Defendants L.A. Leasing and Huyssen and that are in the state court file.

## FEDERAL QUESTION JURISDICTION

19. While Defendants deny all of the allegations in the SAC, the Court nevertheless has original jurisdiction over this entire action under 28 U.S.C. § 1331 as the issues raised in the SAC directly implicate questions of federal law. Removal is therefore appropriate under 28 U.S.C. § 1441(a) in that the relief sought in the Complaint arises under the FLSA. (SAC, Sixth Cause of Action.)

4

20.     Basis of Original Jurisdiction.  As a result of the joinder of L.A. Leasing as a diverse defendant, this Court now also has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA").  Under 28 U.S.C. § 1332(d), a district court shall have original jurisdiction over a class action with one hundred (100) or more putative class members, in which the matter in controversy, in the aggregate, exceeds the sum or value of $5 million.  Section 1332(d)(A) further provides for CAFA jurisdiction where, as here, any putative class member is a citizen of the state different from any defendant.

21.     As set forth below, pursuant to 28 U.S.C. § 1441(a), Defendants may remove the State Court Action to federal court under CAFA because: (i) the amount in controversy, in the aggregate, exceeds the sum or value of $5,000,000, exclusive of interest and costs; (ii) this action is pled as a class action involving more than one hundred (100) putative class plaintiffs; and (iii) at least one member of the putative class is a citizen of a state different from that of L.A. Leasing, one of the defendants.

22.     Plaintiff's Citizenship.  As alleged in the SAC, Plaintiff is a resident and domiciliary of the State of California.  [SAC ¶ 8.]  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is prima facie evidence of domicile.  *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F. 3d 514, 520 (10th Cir. 1994).  Accordingly, Plaintiff is a citizen of the State of California.

23.     L.A. Leasing's Citizenship.  L.A. Leasing is a citizen of the State of Illinois.  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center."

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). "[I]n practice," a corporation's "nerve center" should "normally be the place where the corporation maintains its headquarters." *Id*.

24.     L.A. Leasing was, at the time the State Court Action was commenced in state court, and still is, a corporation incorporated under the laws of the State of Illinois. L.A. Leasing's principal place of business and headquarters are in Moline, Illinois. Accordingly, L.A. Leasing was not and is not a citizen of California. Rather, L.A. Leasing was at all relevant times and is a citizen of the State of Illinois.

25.     Pursuant to 28 U.S.C. § 1332(d)(2)(A), the "district court shall have original jurisdiction" over a "class which . . . any member of the class of plaintiffs is a citizen of a State different from any defendant." Because Plaintiff is a citizen of a state different than L.A. Leasing, minimal diversity required for CAFA removal is established.

## AMOUNT IN CONTROVERSY

26.     **Calculations**. As demonstrated below, the allegations in the SAC make it more likely than not that the amount in controversy under CAFA for the alleged California class claims exceeds $5,000,000.[2] Defendants deny that they are liable to Plaintiff or the putative class members in any amount or manner. However, in light of the fact that the SAC does not provide more precise calculations, Defendants may assume a 100% violation rate for each California claim for purposes of CAFA removal calculations. *See Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal., 2010) ("courts have assumed a 100% violation rate . . . in calculating the amount in controversy when the complaint does not allege a more precise calculation."); *see also, Kenneth Rothschild Trust v. Morgan Stanley,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (in measuring the amount in controversy, a court must 'assum[e] that the allegations of

---

[2] Although Defendants deny Plaintiff's allegations and deny that Plaintiff or the purported class members are entitled to any recovery, the relief sought in the SAC establishes an amount in controversy in excess of $5 million.

the complaint are true . . . .'") (quoting *Jackson v. American Bankers Ins. Co. of Florida*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe."); *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2012)("The amount in controversy []is not the amount the plaintiff will recover, but rather an estimate of the amount that will be put at issue in the course of the litigation."). The Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" to meet this threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014).

27. <u>Variables 1</u>. During the period of <u>July 1, 2012 to the present</u>, applicable to Plaintiff's California law based unpaid minimum wage claims, L.A. Leasing employed approximately 5,862 non-exempt employees in California. Some of these employees had multiple terms of employment with L.A. Leasing, as discussed in paragraph 23 below.

28. <u>Variables 2</u>. During the period of <u>July 1, 2013 to the present</u>, applicable to Plaintiff's California law based waiting time penalties claim, 4,334 putative class members separated from employment with L.A. Leasing in California. The average final rate of pay among this group of former employees is approximately $11.89 during this period. During the period of <u>July 1, 2015 to the present</u>, applicable to Plaintiff's wage statement claim, L.A. Leasing employed approximately 2,189 non-exempt employees in California.

29. <u>California Unpaid Minimum Wages Claim</u>. Plaintiff alleges that Defendants did not compensate "Plaintiff and those similarly situated" for time spent attending "Client orientations and/or interviews" prior to being placed as a temporary employee. [*See e.g.*, SAC ¶¶ 23-28]. Plaintiff further alleges that "Defendants failed to accurately record all hours worked by Plaintiff and the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

California class, thereby denying payment of minimum wages to Plaintiff and the California class for hours worked" for these orientations and/or interviews. [SAC ¶ 71.] Plaintiff seeks to recover wages for time spent attending "Client orientations and/or interviews" prior to being placed as a temporary employee. [SAC ¶ 76.] Although Defendants deny all liability, assuming for purposes of this analysis each putative class member was not paid for two hours of wages for "Client orientations and/or interviews" prior to being placed as a temporary employee, the amount in controversy would be approximately **$143,444**.[3] Assuming for purposes of this analysis each putative class member was not paid for one hour of wages for "Client orientations and/or interviews" prior to being placed as a temporary employee, the amount in controversy would be approximately **$71,722**.[4] Assuming for purposes of this analysis each putative class member was not paid for half an hour of wages for "Client orientations and/or interviews" prior to being placed as a temporary employee, the amount in controversy would be approximately **$35,681**.[5]

     30.   <u>California Non-Compliant Wage Statements Claim</u>. Plaintiff alleges that Defendants "regularly and consistently, knowingly and intentionally, failed to provide Plaintiff and the California Class with complete and accurate wage statements." [SAC ¶ 83.] Plaintiff seeks "an aggregate penalty not exceeding $4,000.00 per employee." [SAC ¶ 86.] California Labor Code Section 226(a) provides a maximum aggregate penalty of $4,000 per affected employee.

---

[3] $143,444 calculated as: $8 per hour x 2 hours of unpaid minimum wages x 3,273 employees whose minimum wage rate was $8 per hour ($52,368) + $9 per hour x 2 hours of unpaid minimum wages x 2,912 employees whose minimum wage rate was $9 per hour ($52,416) + $10 per hour x 2 hours of unpaid minimum wages x 1,933 employees whose minimum wage rate was $10 per hour ($38,660).

[4] $71,722 calculated as: $8 per hour x 1 hour of unpaid minimum wages x 3,273 employees whose minimum wage rate was $8 per hour ($26,184) + $9 per hour x 1 hour of unpaid minimum wages x 2,912 employees whose minimum wage rate was $9 per hour ($26,208) + $10 per hour x 1 hour of unpaid minimum wages x 1,933 employees whose minimum wage rate was $10 per hour ($19,330).

[5] $35,861 calculated as: $8 per hour x .5 hours of unpaid minimum wages x 3,273 employees whose minimum wage rate was $8 per hour ($13,092) + $9 per hour x .5 hours of unpaid minimum wages x 2,912 employees whose minimum wage rate was $9 per hour ($13,104) + $10 per hour x .5 hours of unpaid minimum wages x 1,933 employees whose minimum wage rate was $10 per hour ($9,655).

Assuming conservatively that each putative class member received two non-compliant wage statements, the amount in controversy would be **$328,350**.[6]

31.   California Final Wages Not Timely Paid Claim.  Plaintiff alleges that Defendants did not timely pay wages upon termination of employment of Plaintiff and putative class members.  [SAC ¶ 93.]  Plaintiff seeks penalties under California Labor Code Section 203.  [*Id.*]  Assuming for this analysis only that putative class members were not timely paid final wages due, and assuming that putative class members regularly worked 8 hours per day, the amount in controversy for his alleged Section 203 claim (calculated as $11.89 per hour x 8 hours x 30 days x 4334 putative class members separated from July 1, 2013 to the present) is **$12,367,502**.  Even if one were to assume that only half of the putative class members were not timely paid wages, the amount in controversy on this claim alone would be $6,183,751 (calculated as $11.89 per hour x 8 hours x 30 days x 2,167 putative class members separated from July 1, 2013 to the present) which is well in excess of the threshold for CAFA.

32.   Total Amount in Controversy.  Based on the claims described above, the class-wide alleged amount in controversy is, conservatively estimated, at least **$12,731,533**.

33.   Other Claims.  In addition to the alleged damages discussed above, Plaintiff presents claims for failure to pay agreed upon wages and unfair competition.  Plaintiff also seeks unpaid wages, interest, liquidated damages, costs, attorney's fees, civil penalties and equitable relief (among other forms of relief not calculated above).  [SAC, Prayer for Relief.]  These claims provide further evidence

---

[6] Approximately 2,189 putative class members were employed by L.A. Leasing in California at any time during the period of July 1, 2015.  Assuming each received two noncompliant wage statements, each would be entitled to $150 ($50 for the initial violation and $100 for the subsequent).  Accordingly, the amount in controversy on this claim would be $328,350 ($150 x 2,189 putative class members).  If the maximum aggregate penalty of $4,000 is applied to each of the approximately 2,189 putative class members who were employed by L.A. Leasing in California at any time during the period of July 1, 2015, the amount in controversy relating to California wage statement claim would be $8,756,000.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

that the amount in controversy exceeds the $5 million CAFA minimum, as already established above.

34.     This amount exceeds the $5 million CAFA minimum before taking into account attorneys' fees, which as discussed below, add even more to the total amount in controversy.

## ATTORNEY'S FEES

35.     When the underlying substantive law provides for the award of attorneys' fees, a party may include that amount in their calculation of the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). The Court may take into account reasonable estimates of attorneys' fees when analyzing disputes over the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D.Cal.2002). Plaintiff has sought attorneys' fees permitted by Cal. Labor Code §§ 218.5 and 1194. They should therefore be included in analyzing the amount in controversy.

36.     In the Ninth Circuit, the "benchmark" for attorneys' fees is a "lodestar calculation" which "begins with the multiplication of the number of hours reasonably expended by a reasonable hourly rate." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Other considerations can be fees awarded in other similar cases. *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 298 (N.D.Cal. 1995).

37.     Thus, any addition of attorneys' fees would be over and above the amount calculated for damages above, and would further increase the amount in controversy far beyond the required $5,000,000 threshold for CAFA jurisdiction.

38.     Accordingly, diversity, class size, and amount in controversy requirements of the Class Action Fairness Act, as applied to Plaintiff's California law based claims, are satisfied. Defendant L.A. Leasing has properly removed the California state law class action claim asserted in the State Court Action to this Court.

1

## **SUPPLEMENTAL JURISDICTION**

2   39.     Even if the California state law class action claim asserted in the State

3   Court Action is not removable under CAFA, this Court has supplemental

4   jurisdiction over the state law claims in the SAC because they form part of the same

5   case or controversy which is the subject of Plaintiff's federal claim. 28 U.S.C. §§

6   1367(a), 1441(a); *See City of Chicago v. Int'l Conference of Surgeons*, 522 U.S.

7   156, 156-59, 165; 118 S.Ct. 523, 523-25, 529-30 (1997) (the District Court properly

8   permitted removal and exercised supplemental jurisdiction over plaintiff's state law

9   claims where both of plaintiff's state and federal claims derived from "a common

10  nucleus of operative fact"); *see* SAC ¶ 104 (Collective Action under FLSA)

11  ("Plaintiff re-alleges and incorporates by reference each and every allegation set

12  forth in the preceding paragraphs."). Therefore, the Court has supplemental

13  jurisdiction over all California law based claims in the SAC.

## **NOTICE OF INTERESTED PARTIES**

15  40.     Pursuant to Federal Rule of Civil Procedure 7.1 and Local Civil Rule

16  40.2 of the United States District Court for the Southern District of California, a

17  Notice of Party with Financial Interest is being filed concurrently with this Notice

18  of Removal.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

11

## NOTICE

41.     As required by 28 U.S.C. § 1446(d), Defendants are providing written notice of the filing of this Notice of Removal to Plaintiff, and are filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of San Diego.

Respectfully submitted,

Dated:   January 25, 2017          BAKER & HOSTETLER LLP

By:   */s/ Shareef S. Farag*
      Shareef S. Farag
      Email: sfarag@bakerlaw.com
      Diamond Hicks
      Email: dhicks@bakerlaw.com

Attorneys for Defendants HUYSSEN, INCORPORATED and L.A. LEASING, INC.

# PROOF OF SERVICE

I, S. Suzuki, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California 90025-7120. On **January 25, 2017**, I served a copy of the within document(s): **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill in the care and custody of **Golden State Overnight**, and causing the envelope to be delivered to a **Golden State Overnight** agent for delivery on the next business day.

☐ by placing document(s) listed above in the care and custody of Ace Attorney Services for personal delivery to the person(s) at the address(es) set forth below. Proof of service to be filed after completion of service.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Craig M. Nicholas
NICHOLAS & TOMASEVIC, LLP
225 Broadway, 19th Floor
San Diego, CA 92101
(619) 325-0492
(619) 325-0496

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 25, 2017, at Los Angeles, California.



_____
S/ Suzuki

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES